The opinion of the Court was delivered by
Wardlaw, J.
John Davenport was offered as a witness by the defendant, and was rejected. He was a creditor of S. C. Thomas, now deceased, and also held an assignment made by Thomas, in his life time, of notes and accounts, which arose from dealings in the mercantile establishment, wherein, as the plaintiffs allege, the defendant Madden was a partner of Thomas. The assignment was made to pay Thomas’s separate debts to Davenport and some other persons.
In the case of Haseltine & Walton vs. B. F. Madden, survivor, just decided, we have held that a creditor of Thomas was a competent witness against Madden. Such a creditor was also competent for Madden, for it is wholly uncertain whether the recovery against Madden, as a partner, would ultimately benefit the representative of Thomas; and in either alternative, whether the creditor would not still receive payment.
It is supposed, however, that the assignment distinguishes Davenport from an ordinary creditor, and makes him incompetent to testify in Madden’s behalf. He has, it is said, an interest to disprove the partnership, because, if that be established, the effects assigned to him will be subjected to the partnership debts, and thus his separate debt be defeated.
*22 He has certainly an interest to preserve the assigned fund, and if that will be diminished by a recovery against Madden, then an interest to defeat that recovery. But how will that recovery diminish the fund ? Madden might pay the amount recovered, and then in equity demand from Davenport an account of the partnership assets, or these plaintiffs might, after recovery against Madden, urge such account. But a verdict against Madden, (however it might estop these plaintiffs from denying the partnership, in a suit at law against Thomas’s administrator, wherein the separate contract of Thomas would be alleged,) would not be evidence of the partnership, either for Madden or for these plaintiffs, in any proceeding against either Davenport or the administrator of Thomas. Madden might not pay the sum recovered by the plaintiffs in this case, or upon accounting, he might, notwithstanding payment, be found still in arrear to his partner: these plaintiffs might obtain satisfaction from Madden, and have no claim upon the assets assigned; or it might, if their claim was urged, appear that circumstances existed which, notwithstanding there was a dormant partner, made the assignment to Davenport good against them. The contingencies render the interest of Davenport too remote and uncertain, and he should have been admitted as a witness.
The motion is therefore reluctantly granted.
O’INeall, Frost, Withers and Glover, JJ., concurred.

Motion granted.